J-S25021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RONALD CHARLES BACHNER | |
| Appellant | No. 1098 WDA 2015 |

Appeal from the PCRA Order June 23, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009837-2012

BEFORE:  FORD ELLIOTT, P.J.E., MUNDY, J., and JENKINS, J.

MEMORANDUM BY MUNDY, J.:                          **FILED JUNE 15, 2016**

Appellant, Ronald Charles Bachner, appeals from the June 23, 2015 order denying his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful consideration, we affirm.

The factual circumstances of this case, as contained in the certified record, are as follows.  The charges in this case stemmed from Appellant's employment as a building code officer for the Borough of East McKeesport.  In connection with a citation he issued to a property owner in April, 2009, Appellant agreed to withdraw the citation if the property owner paid $200.00.  The property owner subsequently contacted the Pennsylvania State Police, who provided the property owner with a recording device and marked bills.  On May 26, 2009, Appellant accepted the $200.00 from the property owner and issued him a receipt marked "fine."  Appellant withdrew

the citation two days later. The marked $200.00 was never discovered in the Borough's receipts. Besides noting the transaction in the receipt book, Appellant documented his interactions with the property owner in his monthly report available to the Borough. The Borough secretary was responsible for depositing monies she received from Appellant that he collected from property owners as fees for permits and inspections. The Borough secretary recalled only one occasion from 2009 where she received a sum from Appellant designated as a "fine." The funds from this receipt were from a different property owner and are reflected in the Borough's records. The Borough secretary reviewed the situation with Appellant and the chief of the Borough police, who advised Appellant that he could not collect fines, because that was a judicial function for the magisterial district court. Upon request from the State Police in 2013, the Borough secretary conducted a review of the Borough's financial records of 2009 and found no misallocated $200.00 entry.

The PCRA court summarized the procedural history of this case in the following manner.

> Appellant[] was charged[, on May 16, 2012,] by criminal information (CC201209837) with one count of bribery,[1] and one count of official oppression.[2]
>
> On March 12, 2013, Appellant proceeded to a jury trial, at the conclusion of which the jury found Appellant guilty of both charges.

On June 18, 2013, Appellant was sentenced by the Trial Court as follows:

Count one: bribery - two years probation;

Count two: official oppression - one year probation to be served consecutive to the period of probation imposed at count one.

Appellant filed a post sentence motion on June 28, 2013, and an amended post sentence motion on July 2, 2013. On October 22, 2013, the Trial Court denied Appellant's post sentence motions.

Appellant filed a [counseled] PCRA Petition on October 8, 2014, at which time he raised five claims of ineffective assistance of trial counsel. The Commonwealth filed its Answer on November 19, 2014. Appellant filed his Response on January 2, 2015.

The [PCRA] Court held an evidentiary hearing on April 16, 2015, at which time the [PCRA] Court heard the testimony of Appellant and Appellant's trial counsel, Michael Worgul. The [PCRA] Court continued the matter until April 27, 2015, for Appellant to possibly present testimony from Connie Rosenbayger (a Commonwealth witness at trial).

The [PCRA] Court issued findings of fact and conclusions of law within its Notice of Intent to Dismiss on May 27, 2015. Appellant filed a response on June 16, 2015, and the [PCRA] Court denied Appellant's PCRA Petition on June 22, 2015.

On July 20, 2015, Appellant filed a timely notice of appeal.

_____

[1] 18 Pa. C.S.[A.] § 4701(a)(1).
[2] 18 Pa. C.S.[A.] § 5301(1).

PCRA Court Opinion, 9/30/15, at 1-2.[1]

On appeal, Appellant raises the following questions for our review.

> I.    Whether the [PCRA] court erred in denying Appellant PCRA relief where his trial counsel stated during his closing argument, albeit while speaking hypothetically, that Appellant would have pled guilty under certain circumstances?
>
> II.    Whether the [PCRA] court erred in denying Appellant PCRA relief where his trial counsel failed to object to hearsay that a retired state trooper stated to Commonwealth witness Joseph DeSimone that Appellant was comitting [sic] illegal acts by accepting fine money outside the court?
>
> III.    Whether the [PCRA] court erred in denying Appellant PCRA relief based on his claim that counsel failed to properly introduce evidence?

Appellant's Brief at 4.

The following standards guide our review.

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

_____

[1] Appellant and the PCRA court have complied with Pennsylvania Rule of Appellate Procedure 1925.

*Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015) (internal quotation marks and citations omitted). In this case, Appellant raises a number of allegations that trial counsel was ineffective. Appellant's Brief at 21-22.

> In order to obtain relief under the PCRA based on a claim of ineffectiveness of counsel, a PCRA petitioner must satisfy the performance and prejudice test set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In Pennsylvania, we have applied the *Strickland* test by requiring a petitioner to establish that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different. *Commonwealth v. Pierce*, 567 Pa. 186, 786 A.2d 203, 213 (2001). Counsel is presumed to have rendered effective assistance, and, if a claim fails under any required element of the *Strickland* test, the court may dismiss the claim on that basis. *Commonwealth v. Ali*, 608 Pa. 71, 10 A.3d 282, 291 (2010).

*Commonwealth v. Vandivner*, 130 A.3d 676, 680 (Pa. 2015).

> Relating to the reasonable basis prong, [g]enerally, where matters of strategy and tactics are concerned, counsel's assistance is deemed constitutionally effective if he chose a particular course that had some reasonable basis designed to effectuate his client's interests. Courts should not deem counsel's strategy or tactic unreasonable unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Also [a]s a general rule, a lawyer should not be held ineffective without first having an opportunity to address the accusation in

> some fashion…. The ultimate focus of an ineffectiveness inquiry is always upon counsel, and not upon an alleged deficiency in the abstract.
>
> Relating to the prejudice prong of the ineffectiveness test, the PCRA petitioner must demonstrate that there is a reasonable probability that, but for counsel's error or omission, the result of the proceeding would have been different.

*Commonwealth v. Koehler*, 36 A.3d 121, 132 (Pa. 2012) (internal quotation marks and citations omitted).

Appellant first alleges that trial counsel was ineffective when he mentioned during his closing argument, in the context of a hypothetical, that Appellant would probably have pled guilty if certain facts had been ascertained by the police and presented at trial by the Commonwealth. Appellant's Brief at 23. In his closing, trial counsel made clear to the jury that Appellant was not contesting that he issued a citation to the property owner, that they agreed to an alternative arrangement for the property owner to pay a fraction of the potential fine in exchange for the withdrawal of the citation, that Appellant met with the property owner and received $200.00, and that Appellant withdrew the citation. N.T., 3/11-12/13, at 265-266. Trial counsel also acknowledged that Appellant now knows that such procedure, bypassing the magisterial district court, is improper. *Id.* at 265. However, Appellant asserted that he did not know his conduct was improper until so advised by the Borough police in 2009, and that he did not receive any pecuniary benefit, having turned the money over to the Borough

secretary. *Id.* at 210-211. Trial counsel therefore argued that Appellant's open recordkeeping of the transaction belied the Commonwealth's contention that Appellant had criminal intent. *Id.* at 267. Trial counsel next, alluding to the long delay from the time the police monitored the May 2009 interactions between the property owner and Appellant, to the time the police filed charges in May 2012, made the point that the police failed to trace the disposition of the marked $200.00. *Id.* at 269. Trial counsel's comments in this regard were as follows.

> [I]f they simply just arrest my client, okay, I guarantee they're going to search him, and if they find that money in his pocket or somewhere on his person, this is case closed. I'm not here talking to you. We figure something else out. **My client enters a plea**; okay?

> But there's another reason why that's also the best evidence in this case that you're not going to get, and this one is at least a little more disturbing to me.

> If they don't find the money, if they arrest him and he does not have the money on him, and then it's, "[Appellant], where are our official state funds?" And he says, "Back at the borough building sitting on my desk with a Post-it on it," and they go back and they, in fact, find it on his desk with a Post-it on it with "963 Fifth Avenue" on it, ready to go to Connie Rosenbayger's office or on her desk, guess what? We're also not here.

> The Commonwealth, because they didn't arrest my client, in one sense, has failed to give you the best evidence in this case and has also prevented my client from having exculpatory evidence to say, "This is absolutely hogwash, I was never keeping it for myself."

*Id.* at 270-271 (emphasis added).

At the PCRA Hearing, trial counsel explained his rationale behind this closing argument as follows.

> A.    … The reason I'm bringing this up at this point in my closing is I'm saying: Listen.    If the trooper would have just done his job, we would have the evidence necessary.    If he had gone in and arrested [Appellant] and found the money in his pocket, we're not here having a trial.    Okay.    But they also don't have exactly the piece of evidence that they need to decide this issue.    Because if they had done their job, it's equally good for [Appellant], because if they had done their job and they had gone in and arrested him and he didn't have the money, okay –
>
> Q.    But it was on [the Borough secretary's] desk?
>
> A.    It was on [the Borough secretary's] desk.    That deprives us of that defense.    So I was trying to illustrate for the jury how it's important for the police to do your job right away and he -- that by not doing their job right away, they deprived either the Commonwealth of what could have been extremely inculpatory evidence and at the same time deprived the defense of what could have been extremely exculpatory evidence.
>
> …
>
> Q.    Do you think there's a risk in using that expression, "My client enters a plea"?
>
> A.    There's always a risk in using that.

N.T., 4/16/15, at 30-31.

Appellant acknowledges that, "trial counsel's closing must be viewed in its entirety." Appellant's Brief at 24, *citing* **Commonwealth v. Bryant**, 855 A.2d 726, 743 (Pa. 2004) (holding that appellate review of a defense counsel's closing requires examination of the entire closing from counsel's perspective, rather than "highlighting fragments of argument, taken out of context"). Nevertheless, Appellant claims that "[n]o attorney providing the effective assistance of counsel should inform a jury that his client would plead guilty, under any circumstances." **Id.** Appellant expresses the purported prejudice as follows. "The problem is… that [trial counsel's] comment very well could have made that point crystal clear - that maybe Appellant was guilty, [trial counsel] knew it or felt so[,] and was simply aiding Appellant in the exercise of a constitutional right [to a jury trial]." **Id.** at 25. We agree with the PCRA court that Appellant's claim is meritless.

> The right to effective assistance of counsel extends to closing arguments, the purpose of which is to "sharpen and clarify" the issues presented to the trier of fact. **Commonwealth v. Bryant**, 579 Pa. 119, 855 A.2d 726, 742 (2004) (quoting from **Yarborough v. Gentry**, 540 U.S. 1, 5–6, 124 S. Ct. 1, 157 L.Ed.2d 1 (2003)). Because of the broad range of legitimate defense strategies at this stage of the proceeding, great deference is accorded counsel's tactical decisions in his closing presentation. **Yarborough**, *supra*. … Although we do not disregard completely the reasonableness of other alternatives available to counsel, "the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis." **Commonwealth v. Pierce**, 515 Pa. 153, 527 A.2d 973, 975 (1987) (citation omitted).

*Commonwealth v. Cooper*, 941 A.2d 655, 664 (Pa. 2007).

Instantly, it is clear that trial counsel had a reasonable basis for his challenged comment, when viewing it in context. Counsel was making the salient point that the investigation by the police omitted a significant piece of evidence that could have proven Appellant's assertion he did not keep the marked $200.00. Counsel forcefully argued that the absence of that evidence precluded the Commonwealth's ability to prove that element beyond a reasonable doubt. **See** N.T., 3/11-12/13, at 272-275. Given our great deference to trial counsel's tactical decisions, we conclude trial counsel had a reasonable basis designed to advance Appellant's interests in fashioning his closing argument. **See Cooper**, **supra**. Accordingly, we conclude Appellant's first issue affords him no relief.

Appellant next claims trial counsel was ineffective for failing to object to certain hearsay evidence. We conclude this issue is waived because Appellant failed to include it in his Rule 1925(b) concise statement. Rule 1925(b) prescribes that statements "identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). Issues not raised in accordance with Rule 1925(b)(4) will be considered waived. **Id.** at 1925(b)(4)(vii). Our Supreme Court has held that Rule 1925(b) is a bright-line rule, and "any issues not raised in a Rule 1925(b) statement will be deemed waived." **Commonwealth v. Hill**, 16 A.3d 484, 494 (Pa. 2011).

Instantly, Appellant included only two issues in his Rule 1925(b) statement, which coincide with his first and third questions presented on appeal. ***See*** Appellant's Concise Statement of Errors Complained of on Appeal, 9/4/15, at 1-2. Accordingly, we decline to review Appellant's second question raised on appeal.

Finally, Appellant claims trial counsel was ineffective for failing to properly introduce certain evidence at trial. Appellant's Brief at 32. The evidence in question is a receipt book and log reports utilized by Appellant at the Borough offices and from which he issued the receipt to the property owner for the $200.00. ***Id.*** at 33. Trial counsel questioned Appellant about his recordkeeping at trial. N.T., 3/11-12/13, at 203-205. At the conclusion of testimony, the trial court inquired whether the logbook would be entered into evidence.[2] ***Id.*** at 243. At first, trial counsel indicated that he would not be offering it into evidence, but after some on-the-record and off-the-record discussions, the log reports were entered as a defense exhibit. ***Id.*** at 251. One of the relevant aspects of this evidence to the defense was that the fact Appellant kept records of the transaction at the Borough offices, subject to review by Borough authorities, ran counter to the Commonwealth's assertion

_____

[2] The receipt given to the property owner was admitted as Commonwealth exhibit 3. N.T., 3/11-12/13, at 127. The police officer in charge of the investigation testified that he examined the entire receipt book. ***Id.*** at 79. Appellant also testified about his maintenance of the receipt book at the Borough offices. ***Id.*** at 226.

that Appellant acted with criminal intent and for pecuniary gain. Appellant's Brief at 34.

Rather than a failure to offer or argue the evidence, Appellant's claim seems centered on a purported failure to more persuasively present the evidence. *Id.* "[Trial counsel] did not substantiate these facts, which were an important part of his defense." Appellant's Brief at 33. In its closing at trial, the Commonwealth attempted to diminish the significance of Appellant's receipt book and recorded notes by emphasizing they were not integrated with other Borough records subject to checks and balances. N.T., 3/11-12/13, at 301-302. Appellant claims trial counsel should have anticipated and refuted this argument. "Trial counsel not only failed to demonstrate that Appellant's reports were given to and kept by the [B]orough, it took encouragement from the trial court for him to even introduce them in the proper way, in the first place." Appellant's Brief at 34. As noted by the PCRA court, however, trial counsel did offer the evidence at trial and advance the argument to the jury.

> [Appellant] alleges […] that counsel was ineffective for failing to properly introduce evidence. Specifically, [Appellant] argues that counsel failed to substantiate evidence that [Appellant] recorded the payment from [the property owner] on a receipt and documented it in a report. However, these documents were admitted at trial, and [trial counsel] questioned [Appellant], a Borough employee familiar with Borough procedure, in what manner he kept and turned in his receipts and/or reports. [Appellant's] ineffective assistance of counsel claim fails as [trial] counsel had a reasonable strategic

> basis for how he introduced and authenticated this evidence, and the underlying claim that he failed to properly introduce it is without merit. Further, [Appellant] has not established that he was prejudiced by this alleged failure to substantiate this evidence.

PCRA Court Opinion, 9/30/15, at 9-10, *quoting* PCRA Court's Notice of Intent to Dismiss, 5/26/15, at 3-4.

We conclude the record supports the PCRA court's findings. Trial counsel made the fact that Appellant kept accurate written records of his transaction with the property owner records in his regular receipt book and record journal, maintained at the Borough offices, a central element of Appellant's defense. N.T., 3/11-12/13, at 267-271. Appellant, himself, explained his recordkeeping. *Id.* at 203-204, 251-256. Now, finding fault with trial counsel's approach, Appellant makes no suggestion as to how trial counsel should have acted other than a bald statement that "trial counsel could have easily proven that Appellant recorded his interaction with [the property owner] and his receipt of the $200.00 and this report was kept with the [B]orough." Appellant's Brief at 34. Appellant has failed to demonstrate ineffective assistance of counsel, as counsel's actions had a reasonable basis to advance Appellant's interests, and because he has not demonstrated that the outcome would have been different. *See Koehler*, *supra*.

In light of the foregoing, we conclude the PCRA court did not abuse its discretion or commit an error of law in denying Appellant PCRA relief.

Accordingly, we affirm the June 23, 2015 order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2016